COMMONWEALTH *vs.* ROGER D. FRANCIS.

Suffolk. October 9, 1991. - January 9, 1992.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & GREANEY, JJ.

*Homicide. Practice, Criminal*, Capital case, Postconviction relief, Appeal by Commonwealth. *Waiver*.

In a capital case, the gatekeeper provisions of G. L. c. 278, § 33E, encompass an appeal by the Commonwealth from the allowance of a criminal defendant's motion for postconviction relief under Mass. R. Crim. P. 30. [582-585]

A defendant convicted of first degree murder did not waive his right to bring a motion for postconviction relief pursuant to Mass. R. Crim. P. 30 (a motion for a new trial based on a challenge to the constitutional adequacy of the instructions to the jury on reasonable doubt), solely by reason of a twenty-year delay in raising the issue. [585-586]

INDICTMENT found and returned in the Superior Court on May 11, 1967.

A motion for postconviction relief, filed on April 21, 1989, was heard by *William H. Carey*, J.

*John P. Corbett*, Assistant District Attorney, for the Commonwealth.

*Charles W. Rankin* for the defendant.

LIACOS, C.J. The Commonwealth seeks to appeal from an order of a Superior Court judge granting the defendant, Roger D. Francis, a new trial on an indictment charging murder in the first degree. The motion judge ruled that the reasonable doubt instructions at the defendant's 1967 trial were constitutionally inadequate under this court's decisions in *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977), and *Commonwealth* v. *Garcia*, 379 Mass. 422 (1980). The Commonwealth sought leave to appeal from a single justice of this court. G. L. c. 278, § 33E (1990 ed.). The issues on

which the Commonwealth sought review were (1) had the defendant "waived" his right to challenge the instructions on reasonable doubt by not raising the issue by a motion for new trial until almost twenty years after trial? and (2) was the reasonable doubt charge given constitutionally defective?[1] The Commonwealth now argues that the trial judge's reasonable doubt instructions were adequate and that, in any event, the defendant waived his right to challenge those instructions. In addition, the Commonwealth asks us to conclude that it is exempt from the gatekeeper requirement of G. L. c. 278, § 33E, which otherwise governs appeals from rulings on postconviction motions in capital cases. We hold that G. L. c. 278, § 33E, governs appeals by the Commonwealth. We affirm the order of the motion judge granting the defendant a new trial.

1. *Background.*

The facts underlying this case are set forth in our decision in *Commonwealth v. Francis,* 355 Mass. 108 (1969). We summarize the additional facts relevant to the postconviction proceedings. In 1967, the defendant was convicted of murder in the first degree. The central issue at trial was not whether the defendant killed the victim but, rather, whether he was criminally responsible at the time. After plenary review under G. L. c. 278, § 33E, this court affirmed the defendant's conviction in 1969. *Commonwealth v. Francis, supra.*

In April, 1989, the defendant filed his motion for postconviction relief which is the subject of the present appeal. See Mass. R. Crim P. 30 (a), (b), 378 Mass. 900 (1979). The defendant challenged the adequacy of several aspects of the judge's jury instructions, including the instruction on reasonable doubt. This motion was the defendant's first request for judicial relief since this court affirmed his conviction in 1969.

The motion judge granted the defendant a new trial, ruling that the trial judge's reasonable doubt instruction was consti-

---

[1]The single justice ruled that the latter question did not present a substantial issue.

tutionally inadequate.[2] The motion judge ruled that, by equating the reasonable doubt standard with the degree of certainty jurors would require when making important decisions in their own lives, the jury charge impermissibly detracted from the seriousness of the issues facing the jury and from the Commonwealth's burden of proof. The judge further ruled that the error was not harmless because, although the evidence at trial was overwhelming that the defendant shot the victim, the evidence concerning the defendant's criminal responsibility was "far from overwhelming."

In addition, the judge rejected the Commonwealth's claim that the defendant had waived his right to challenge the trial court's reasonable doubt instructions. Relying on this court's decision in *Commonwealth* v. *Rembiszewski*, 391 Mass. 123 (1984), the judge ruled that the defendant's failure to challenge the jury instructions at trial or on direct appeal was excusable because the defendant's challenges were based on constitutional principles that were enunciated several years after his conviction. Furthermore, the judge rejected the Commonwealth's claim that the defendant's delay in seeking postconviction relief itself constituted a waiver, noting that Mass. R. Crim. P. 30 provides that a motion for postconviction relief may be brought "at any time."

The single justice[3] granted the Commonwealth leave to appeal the question of waiver but denied the Commonwealth leave to appeal whether the trial judge's reasonable doubt in-

---

[2]Rule 30 (b) requires a new trial motion to be filed with the judge who originally presided at trial. In this case, however, the trial judge was no longer on the bench at the time of the defendant's new trial motion.

[3]The Commonwealth's original notice of appeal indicated its intention to appeal to the Appeals Court. Following this notice, the defendant petitioned for bail with a single justice of the Supreme Judicial Court. In connection with this petition, the defendant argued that the Commonwealth's appeal was not properly before the Appeals Court and that the Commonwealth's only avenue of appeal was to seek leave from a single justice of the Supreme Judicial Court to appeal to the full court pursuant to G.L. c. 278, § 33E. Thereafter, in order to protect its right of appeal, the Commonwealth filed a motion with the single justice requesting leave to appeal.

structions were sufficient.[4] In a subsequent hearing the single justice determined that a threshold question existed as to whether the Commonwealth is even required to obtain gatekeeper approval under G. L. c. 278, § 33E. Accordingly, the single justice referred this question to the full court to be decided in connection with the Commonwealth's appeal.

2. *Appeals by the Commonwealth.*

In granting the defendant a new trial, the motion judge acted pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). That rule provides that "[a]n appeal from a final order under this rule may be taken to the Appeals Court by either party." Mass. R. Crim. P. 30 (c) (8). Rule 30 is the source of the Commonwealth's right to appeal from rulings on postconviction motions, a right the Commonwealth did not enjoy prior to the rule's adoption in 1979. See *Commonwealth* v. *McCarthy*, 375 Mass. 409 (1978). See also *Commonwealth* v. *Cook*, 380 Mass. 314, 319-320 (1980).

On its face, rule 30 contemplates that appeals from rulings on postconviction motions will be taken, in the first instance, to the Appeals Court. The Commonwealth contends that this procedure extends to the present appeal. The defendant, however, argues that the present appeal is governed by the so-called "gatekeeper" procedure set forth in G. L. c. 278, § 33E, which governs appeals in "capital" cases.[5] Section 33E provides that, in a capital case, "[i]f any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

---

[4]The single justice ruled that the error in the trial judge's jury instruction was clear, remarking that the error "was not a close question." In granting the Commonwealth leave to appeal the issue of waiver, the single justice remarked that the issue "barely rises above the level of insubstantiality."

[5]General Laws c. 278, § 33E, defines a "capital" case as one in which a defendant is indicted and convicted of murder in the first degree.

   This court has ruled that, where a defendant in a capital case seeks to appeal from a Superior Court ruling on a rule 30 motion filed after a rescript from this court, the appellate procedure set forth in G. L. c. 278, § 33E, rather than the procedure set forth in rule 30, governs the appeal. See *Dickerson* v. *Attorney Gen.*, 396 Mass. 740 (1986). See also *Leaster* v. *Commonwealth*, 385 Mass. 547 (1982); *Commonwealth* v. *Pisa*, 384 Mass. 362 (1981). We have not addressed the issue whether the same rule holds true for appeals by the Commonwealth. We now conclude that it does.

   The Commonwealth concedes that the plain language of § 33E, which provides that "no appeal" shall lie without gatekeeper approval, encompasses appeals by the Commonwealth. The Commonwealth contends, however, that the Legislature could not have intended the gatekeeper requirement to apply to the Commonwealth because, when the gatekeeper provision was added to § 33E in 1939, see St. 1939, c. 341, the Commonwealth had no right to appeal from rulings on a defendant's postconviction motions. This argument, however, overlooks the fact that in 1979 the Legislature amended § 33E as part of a comprehensive effort to conform the General Laws to the Rules of Criminal Procedure and the Rules of Appellate Procedure — the rules which grant the Commonwealth a right of appeal in some instances. See St. 1979, c. 346, § 2; St. 1979, c. 344. As part of this process, § 33E was amended to limit its application to convictions of murder in the first degree and to limit the application of the gatekeeper requirement to postconviction motions filed after rescript. See St. 1979, c. 346, § 2. At the time these amendments were adopted, the Legislature left untouched the language of § 33E directing all appeals from postconviction motions to a single justice of this court. In light of the Legislature's omission to change this aspect of § 33E at a time when it was substantially revising other portions of the section to conform to the newly adopted rules, we are not persuaded that the Legislature intended anything other than the plain meaning of the statute: In a capital case, *no* appeal shall lie from a ruling on a postconviction motion

without first having been allowed by a single justice of this court.

Nor do we find it surprising that the Legislature would direct all appeals from postconviction motions in capital cases to this court. This court has exclusive jurisdiction over direct appeals in capital cases and, pursuant to § 33E, we afford such appeals plenary review. Contrary to the Commonwealth's assertions, it is reasonable to require appeals from postconviction rulings in such cases to come to this court, as this court is already familiar with the facts of the case.[6] Indeed, such a procedure complements the procedure set forth in rule 30, which requires that postconviction motions be filed with the judge who originally presided at trial. Taken together, the two procedures ensure speedy resolution of a defendant's claims while at the same time conserving judicial resources.

To the extent that § 33E requires a party to obtain gatekeeper approval before appealing to this court, such a requirement further promotes efficient resolution of postconviction claims by screening out appeals that lack merit. See *Dickerson* v. *Attorney Gen., supra* at 744-745. While we recognize that postconviction appeals by the Commonwealth arrive before a single justice in a somewhat different posture from those brought by defendants (the Commonwealth having prevailed in the original action), we see no reason why the Legislature would have intended the Commonwealth to be exempt from the requirement that its appeal raise a substantial issue. Moreover, to the extent this difference has any bearing on the merits of an appeal by the Commonwealth, a single justice can consider this factor in determining whether to grant the Commonwealth leave to appeal. We remain con-

---

[6]Moreover, a serious question exists whether the Appeals Court would have jurisdiction to hear such a claim. Under G. L. c. 211A, § 10 (1990 ed.), review of convictions of murder in the first degree is expressly exempted from the Appeals Court's jurisdiction. By contrast, Mass. R. Crim. P. 30 does not confer jurisdiction on the Appeals Court. Rather, rule 30 simply governs the procedures that the parties must follow in postconviction proceedings.

fident that a single justice will allow those appeals which
warrant review by the full court. See *Leaster* v. *Common-
wealth, supra* at 550.

3. *Waiver.*

Turning to the merits of the Commonwealth's appeal, we
address the Commonwealth's argument that the defendant
waived his right to bring the present rule 30 motion. The
thrust of the Commonwealth's argument is that, although the
defendant has been represented by counsel since at least
1980, the defendant purposely withheld his claims from judi-
cial review because he feared being transferred from the cus-
tody of the Department of Mental Health to the Department
of Correction. The Commonwealth argues, without factual
support in the record, that the defendant's delay was deliber-
ate and, thus, we should hold that the defendant has waived
the right to bring his rule 30 motion now. We decline to do
so.

The Commonwealth cites no authority indicating that a
defendant's delay in bringing a rule 30 motion constitutes a
waiver. Indeed, rule 30 itself states otherwise. Rule 30 (a)
explicitly provides: "Whoever is imprisoned or restrained of
his liberty pursuant to a criminal conviction may *at any
time, as of right,* file a written motion requesting the trial
judge to release him or to correct the sentence which he is
then serving upon the ground that his confinement or re-
straint was imposed in violation of the Constitution or laws
of the United States or of the Commonwealth of Massachu-
setts" (emphasis supplied). Additionally, rule 30 (b) provides
that a trial judge may grant a defendant's postconviction mo-
tion for a new trial "at any time."

Furthermore, the history of rule 30 (b) also suggests that
delay does not constitute a waiver of the right to bring a new
trial motion. Rule 30 (b) is derived directly from the former
G. L. c. 278, § 29. See Reporters' Notes to Mass. R. Crim.
P. 30, Mass. Ann. Laws, Rules of Criminal Procedure at 483
(Law. Coop. 1979). Prior to 1964, G. L. c. 278, § 29, ex-
pressly imposed a one year time limitation after which a Su-
perior Court judge could not grant a defendant's request for

a new trial. In 1964, the Legislature repealed this time limitation, amending § 29 to allow new trial motions to be granted "at any time, upon motion in writing of the defendant." St. 1964, c. 82.

In light of the history and language of rule 30 (a), (b), we conclude that a defendant's delay in bringing a rule 30 motion does not in itself constitute waiver. To the extent that the Commonwealth argues that we should hold that a defendant's *intentional* delay in bringing a rule 30 motion constitutes a waiver, we need not reach this question because the Commonwealth's allegations regarding intentional delay in this case are entirely speculative.[7]

Finally, we note that, even if there were a basis for a finding of waiver in this case, the motion judge had discretion under rule 30 to allow the defendant's motion. Mass. R. Crim P. 30 (c) (2). See *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986). The Commonwealth has not argued that the judge abused his discretion in allowing the defendant's new trial motion, nor are we inclined to so hold based on the record before us.[8]

The motion judge's order granting the defendant a new trial is affirmed.

*So ordered.*

---

[7]The Commonwealth's allegations of intentional delay are based solely on the fact that the defendant sought executive clemency on several occasions prior to filing the present rule 30 motion. According to the Commonwealth, these requests for executive relief reveal that the defendant consciously chose to withhold his claims from judicial review and to pursue a course of action which, if unsuccessful, posed less of a risk that the defendant would be transferred from "the favorable custody status he enjoyed in the Department of Mental Health to a less favorable status in the Department of Correction." The Commonwealth concedes, however, that at least one of the defendant's requests for executive clemency came after the defendant had been returned to the custody of the Department of Correction in 1985.

[8]We need not discuss the adequacy of the trial instruction on proof beyond a reasonable doubt because, for the reasons stated, this issue is not before us.