THEODORE TRIGONES *vs.* ATTORNEY GENERAL & another.[1]

Suffolk. January 11, 1995. - July 26, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Capital case, New trial. *Due Process of Law*, Appeal.

A defendant convicted of first degree murder, who had received plenary review of his entire case pursuant to G. L. c. 278, § 33E, was not denied due process by the gatekeeper provisions of that statute requiring him to obtain leave of a single justice in order to secure full court review of the denial of his motion for a new trial based on an allegation of ineffective assistance of trial counsel. [862-864]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 29, 1993.

The case was heard by *Lynch*, J.

*Judith Farris Bowman* for the plaintiff.

*William J. Meade*, Assistant Attorney General (*Rosemary Daly Mellor*, Assistant District Attorney, with him) for the Attorney General & another.

*Judith H. Mizner*, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

LIACOS, C.J. The plaintiff, Theodore Trigones, brought an action for declaratory judgment in the Supreme Judicial Court for Suffolk County challenging the constitutionality of G. L. c. 278, § 33E (1992 ed.). That statute requires a defendant convicted of murder in the first degree to obtain leave from a single justice of this court in order to appeal from the denial of postconviction motions filed after the court issues a rescript on the defendant's direct appeal. In his complaint for declaratory judgment, Trigones requested that this

[1]The district attorney for the Northern District.

court declare the "gatekeeper" provision of G. L. c. 278, § 33E, unconstitutional insofar as "it denies defendants in capital cases collegial appellate review of non-frivolous constitutional claims which were not and could not have been reviewed on direct appeal."[2] After argument by counsel for the parties, the single justice denied the complaint for declaratory judgment. The plaintiff now appeals the order of the single justice. Assuming, without deciding, that the plaintiff has standing to challenge the statute's constitutionality, we address his claim.

*Background.* On February 13, 1984, a jury convicted the plaintiff of murder in the first degree. The judge sentenced him to life imprisonment without possibility of parole. After conducting plenary review of the entire case pursuant to G. L. c. 278, § 33E, this court affirmed the plaintiff's conviction on direct appeal. *Commonwealth* v. *Trigones*, 397 Mass. 633 (1986).

On July 16, 1991, the plaintiff filed a motion for a new trial based on the alleged ineffective assistance of trial counsel. The trial judge denied this motion without a hearing. The defendant then sought leave to appeal from the denial of his motion for a new trial. A single justice of this court, acting as gatekeeper, remanded the matter to the Superior Court for an evidentiary hearing to determine whether the motion raised any "substantial" issues which would justify review by the full court. On August 28, 1992, after a three-day evidentiary hearing, the judge denied the motion and issued a forty-two page memorandum of decision. The plaintiff again filed an application for leave to appeal to the county court. On January 7, 1993, a second single justice, acting as gatekeeper, denied the application because the defendant had failed to raise a "new and substantial question which ought to be determined by the full court." The plaintiff thereafter

---

[2]The plaintiff also requested that this court enter an order that the full court should hear an appeal from the denial of his motion for a new trial. That request, however, is not appropriate in a declaratory judgment proceeding. See G. L. c. 231A (1992 ed.).

filed his complaint for declaratory relief, the denial of which now is before us.

Section 33E provides that, in a capital case,[3] "[i]f any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."[4] The plaintiff asserts that the statute's "gatekeeper" provision violates his due process and equal protection rights under the State and Federal Constitutions because it precludes an appeal as of right from the denial of his motion for a new trial, which allegedly asserted a claim not available on the record on direct appeal.[5]

---

[3]Section 33E defines a "capital" case as one in which a defendant is indicted and convicted of murder in the first degree.

[4]On appeal, the plaintiff contends that the "gatekeeper" provisions of G. L. c. 278, § 33E, do not preclude a capital defendant from appealing as of right to the full court from the denial of a motion for new trial, where the constitutional issue raised was not available on the record on direct appeal. In support of this assertion, he cites to "the history of the treatment of capital cases in this Court" and to "the historical and legal context in which G. L. c. 278, § 33E was enacted," which, according to the plaintiff, "require the conclusion that the gatekeeper provision was not intended to limit appellate rights in these circumstances." The statute's requirement that a single justice evaluate whether a motion presents a "new and substantial" question indicates that the Legislature anticipated that a capital defendant might raise issues in a new trial motion that were not available on the record of his direct appeal. *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 126 (1984). See *Commonwealth* v. *Francis*, 411 Mass. 579, 581-583 (1992).

[5]The plaintiff's motion for a new trial asserted that he had been denied effective assistance of counsel. In support of the motion, he alleged, among other things, that trial counsel had failed to interview or call two available witnesses who could have corroborated critical aspects of the plaintiff's testimony at trial, had failed to investigate the whereabouts of physical evidence, and had waived cross-examination of a critical witness. The plaintiff's claim of ineffective assistance is refuted by the careful and thorough findings of the trial judge in his memorandum of decision.

The plaintiff has not presented a convincing explanation for his failure to raise the claim either on direct appeal or in a new trial motion before the rescript. He has not demonstrated (nor did any single justice conclude) that the issues raised in his new trial motion were not evident on the trial

*The plaintiff's due process claim.*[6] The plaintiff contends that, where his ineffective assistance of counsel claim did not, and could not, have the benefit of our plenary review on direct appeal, "denial of appeal [of his new trial motion] arbitrarily denies his right to such review, in violation of due process." The plaintiff asserts that "it is entirely arbitrary and thus a denial of due process to deny a capital defendant who raises a non-frivolous claim of ineffective assistance of counsel . . . a hearing by the full court on that claim solely because the claim is raised after the direct appeal, when the claim was not available on the record on appeal." As demonstrated in note 5, *supra,* this claim of unavailability is not borne out by the record in this case. Hence, we do not reach the plaintiff's broad constitutional challenge.

The plaintiff incorrectly claims that the gatekeeper provision of § 33E "denies" him an appeal. He also erroneously concludes that § 33E denies a capital defendant a hearing by the full court "solely because the claim is raised after the direct appeal." The gatekeeper provision merely screens out appeals that lack merit by requiring that a capital defendant obtain the approval of a single justice before appealing to the full court. *Commonwealth* v. *Francis,* 411 Mass. 579, 584-585 (1992). Any capital defendant whose postconviction motion raises a new and substantial question may obtain review by the full court.

It appears that the essence of the plaintiff's argument is that he should have an appeal as of right to the full court from the denial of his motion for a new trial, and that requiring him to obtain leave of a single justice in order to secure full court review violates his due process rights. He asserts

record and thus could not have been raised at that time. Thus, there does not appear to be a reasoned distinction between this case and prior decisions in which this court upheld the gatekeeper provision against similar constitutional challenges. See *Dickerson* v. *Attorney Gen.,* 396 Mass. 740 (1986). See also *Dickerson* v. *Latessa,* 872 F.2d 1116 (1st Cir. 1989) (upholding statute against equal protection challenge).

[6]Our decision in *Dickerson* v. *Attorney Gen., supra,* fully analyzed an equal protection challenge to the gatekeeper provision. Hence, we need not revisit that discussion in this case.

that the history of this court's treatment of capital cases demonstrates a "fundamental policy of ensuring plenary review in one form or another by a collegial judicial body." The plaintiff contends that the gatekeeper provision arbitrarily offends a fundamental principle of justice that requires that capital defendants receive as of right appellate review by the full court from a decision on any postconviction motion.

Section 33E creates specific appellate procedures for capital defendants. Such defendants may appeal directly to this court as of right and receive extremely broad plenary review of their direct appeals. After receiving this plenary review, a capital defendant may not appeal from a decision on a postconviction motion unless that motion raises a "new and substantial question." Although the plaintiff correctly states that the 1979 adoption of Mass. R. Crim. P. 30[7] eliminated certain opportunities for capital defendants to appeal as of right to the full court from decisions on postconviction motions, he fails to demonstrate on this record that he was denied due process. The mere fact that a procedural rule was changed to the arguable detriment of some capital defendants does not "offend some principle of justice so rooted in the tradition and conscience of our people as to be ranked fundamental." *Medina* v. *California*, 505 U.S. 437, 445-446 (1992). *Patterson* v. *New York*, 432 U.S. 197, 202 (1977). See *Parke* v. *Raley*, 506 U.S. 20, 32 (1993), quoting *Medina* v. *California, supra* at 451 (due process clause does not "require a State to adopt one procedure over another on the basis that it may produce results more favorable to the accused"); *Snyder* v. *Massachusetts*, 291 U.S. 97, 105 (1934) (State procedure

---

[7]Rule 30 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 900 (1979), was adopted as the exclusive vehicle for postconviction relief. At the same time, the Legislature repealed statutory provisions for postconviction relief by means of a writ of error.

Rule 30 provides in relevant part: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

"does not run foul [*sic*] of the Fourteenth Amendment because another method may seem to . . . be fairer or wiser or to give a surer promise of protection to the prisoner at the bar"). In enacting the gatekeeper provision, the Legislature made a choice to concentrate limited resources on the trial and appellate stages of a capital proceeding, and to restrict full court review to meritorious claims that presented "new and substantial" issues.

For the purpose of due process analysis, our standard of review under the cognate provisions of the Massachusetts Declaration of Rights usually is comparable to that under the Fourteenth Amendment to the United States Constitution. See *Rushworth* v. *Registrar of Motor Vehicles*, 413 Mass. 265, 269-270 (1992). See also *Take Five Vending, Ltd.* v. *Provincetown*, 415 Mass. 741, 746 n.3 (1993), citing *Dickerson, supra* at 743. In the circumstances of this case, we conclude that the plaintiff's State due process challenge must fail. The gatekeeper provision of § 33E did not leave this plaintiff without sufficient opportunity to present his claim for postconviction relief. The plaintiff filed a new trial motion. He received a three-day evidentiary hearing on his motion, and the trial judge issued a substantial and thoughtful memorandum of decision. Furthermore, the plaintiff twice received consideration by a single justice of this court of the trial judge's denial of the new trial motion. The plaintiff had ample opportunity to present his claim of ineffective assistance of counsel. Neither Federal nor State due process requirements demand that the Commonwealth provide him "every conceivable" opportunity to assert his claim. See *Patterson* v. *New York*, *supra* at 208.

The order of the single justice is affirmed.

*So ordered.*

Justice Nolan participated in the deliberation on this case, but retired before the opinion was issued.