COMMONWEALTH *vs.* GEORGE McGRATH.

Suffolk. March 4, 2002. - May 24, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Criminal,* New trial, Reasonable doubt, Presumptions and burden of proof, Instructions to jury.

At a criminal trial, the judge's instructions to the jury, which contained disfavored language analogizing the Commonwealth's burden of proof beyond a reasonable doubt to the degree of certainty used to make certain important private decisions, nevertheless correctly conveyed the concept of reasonable doubt to the jury, when taken as a whole with the judge's correct and forceful "moral certainty" language and the judge's instruction that proof beyond a reasonable doubt was more burdensome than proof by a fair preponderance of the evidence. [47-50]

At a criminal trial, the judge's instructions to the jury, which contained disfavored language warning the jury against holding the Commonwealth to too high a burden of proof, did not lower the Commonwealth's burden of proof, given the judge's instructions on the presumption of innocence, reasonable doubt, moral certainty, and the jurors' duty to acquit if the Commonwealth failed in its proof. [50-51]

INDICTMENTS found and returned in the Superior Court on January 24, 1969.

A motion for a new trial, filed on April 22, 1998, was heard by *Charles T. Spurlock,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Cordy,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*Rosemary Daly,* Assistant District Attorney, for the Commonwealth.

*Kathleen M. McCarthy* for the defendant.

SPINA, J. The defendant was convicted of murder in the first degree and his convictions were affirmed. See *Commonwealth v. McGrath,* 358 Mass. 314 (1970). In 1998 the defendant filed a motion for a new trial, his first, claiming error in the reasonable doubt instruction given at his trial. A judge in the Superior

Court, who was not the trial judge, ordered a new trial. The judge ruled that the reasonable doubt instruction was constitutionally defective because it lowered the Commonwealth's burden of proof (1) by equating proof beyond a reasonable doubt with the degree of certitude needed to make important private decisions, see *Commonwealth* v. *Ferreira*, 373 Mass. 116, 128 (1977), and (2) by warning the jury against holding the Commonwealth to too high a burden. See *Commonwealth* v. *Madeiros*, 255 Mass. 304 (1926). A single justice of this court allowed the Commonwealth's application under G. L. c. 278, § 33E, for leave to appeal. See *Commonwealth* v. *Francis*, 411 Mass. 579, 583 (1992). We conclude that there was no error in the reasonable doubt instruction and vacate the order granting a new trial.

1. We review a decision to grant a motion for a new trial to determine whether there has been "a significant error of law or other abuse of discretion." *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). Where the issue involves a question of law at the trial and no evidence requiring an assessment of credibility was taken, we are in as good a position as the motion judge to assess the trial record for claimed errors of law. See *id.*

2. In *Commonwealth* v. *Ferreira, supra,*[1] the trial judge analogized the Commonwealth's burden of proof beyond a reasonable doubt to the degree of certainty used to make certain important private decisions. He instructed the jury that "[y]ou must be as sure as you would have been any time in your own lives that you had to make important decisions affecting your own economic or social lives." *Id.* at 128. The judge then gave examples of such decisions: "[W]hether to leave school or to get a job or to continue with your education, or to get married or stay single, or to stay married or get divorced, or to buy a house or continue to rent, or to pack up and leave the community where you were born and where your friends are, and go someplace else for what you hoped was a better job." *Id.* at

[1]The defendant's trial (and direct appeal) took place more than seven years before the decision in *Commonwealth* v. *Ferreira*, 373 Mass. 116 (1977). We will scrutinize more carefully the jury instructions given after the date of *Ferreira*. See *Commonwealth* v. *Bonds*, 424 Mass. 698, 703 n.3 (1997); *Commonwealth* v. *Garcia*, 379 Mass. 422, 441 (1980). We conclude, however, that there was no error in this case.

129. We reversed the conviction because the instruction, which was "notably bereft of the saving graces present in charges which we have previously criticized but found not to be reversible error when taken in their entirety," lowered the Commonwealth's burden of proof. *Id.*

The use of specific examples of important private decisions, although highly disfavored, is not error per se. Rather, the charge must be viewed as a whole to determine whether the concept of reasonable doubt was defined correctly for the jury. See *Commonwealth* v. *Ferreira, supra* at 128 n.11. In *Commonwealth* v. *Ferreira, supra* at 129, we cited several cases where reasonable doubt instructions containing an analogy to important private decisions, taken as a whole, nevertheless correctly conveyed the concept of reasonable doubt to the jury. In *Commonwealth* v. *Libby*, 358 Mass. 617, 621 (1971), the effect of the analogy was offset by an instruction that proof beyond a reasonable doubt was more burdensome than proof by a fair preponderance of the evidence, and the instruction on reasonable doubt did not otherwise vary from the usual instruction. In *Commonwealth* v. *Bumpus*, 362 Mass. 672, 682 (1972), judgment vacated on other grounds, 411 U.S. 95 (1973), aff'd on rehearing, 365 Mass. 66 (1974), reviewed on petition for habeas corpus sub nom. *Bumpus* v. *Gunter*, 452 F. Supp. 1060 (D. Mass. 1978), we criticized the analogy to important private decisions in a reasonable doubt instruction because such decisions "are sometimes not susceptible to a decision based upon proof beyond a reasonable doubt." *Id.* However, we concluded that, where only one example was cited and where "the instructions as a whole were comprehensive, were based upon traditional language, and adequately conveyed the concept of reasonable doubt to the jury," *id.*, citing *Holland* v. *United States*, 348 U.S. 121, 140 (1954), a new trial was not required.

In *Commonwealth* v. *Gilday*, 367 Mass. 474, 497-498 (1975), we upheld the reasonable doubt instruction where the analogy to important private decisions did not include any specific examples, the judge used the instruction approved in *Commonwealth* v. *Webster*, 5 Cush. 295, 319-320 (1850), and he specifically emphasized the need for moral certainty. In *Commonwealth* v. *Fielding*, 371 Mass. 97, 116 (1976), the effect of

the analogy to important private decisions was offset by the judge's remarks that proof beyond a reasonable doubt meant "more than showing a strong probability of guilt," together with his emphasis on "moral certainty," and an "abiding conviction."

A correct instruction on moral certainty may, however, also be infected by examples of important private decisions and thereby lose its buoyant effect. In *Commonwealth* v. *Rembisze-wski*, 391 Mass. 123, 129-130 (1984), we reversed a conviction where the judge gave an otherwise correct reasonable doubt instruction, equating it to proof to a moral certainty, which also was correctly defined. The judge then undertook further to explain both terms in "practical" language, using specific examples of important private decisions not dissimilar to those used here. Because he ended his instruction by stating: "[T]he kind of evidence and the degree and extent of proof which is required of the Commonwealth in this case to constitute proof beyond a reasonable doubt is the *same* kind of proof and degree of satisfaction or conviction which you wanted for yourself when you were considering one of those very important decisions" (emphasis added), *id.* at 128-129 n.1, the heft of the instruction impressed on the jury that the degree of certainty they would want in making important private decisions was the same as proof beyond a reasonable doubt *and* moral certainty. *Id.* at 132. We held that the instruction as a whole impermissibly lowered the Commonwealth's burden. See *id.* at 131.

In *Commonwealth* v. *Bonds*, 424 Mass. 698, 701-703 (1997), we held that an instruction that equated proof beyond a reasonable doubt with proof to a moral certainty, as such, and then defined moral certainty as the same degree of certainty required to make the most important private decisions, illustrated by examples similar to those used here, was constitutionally defective and required a new trial.

The instruction in this case, set forth in the Appendix[2] to this opinion, is more like the nonoffending instructions in the cases cited in *Commonwealth* v. *Ferreira, supra* at 129. See *Commonwealth* v. *Libby, supra*. The judge said that proof beyond a

---

[2] Although we have reproduced the entire reasonable doubt instruction in the Appendix, we are *not* endorsing its use in future trials.

reasonable doubt was more burdensome than proof by a "preponderance of the evidence," a "saving grace[]" that we recognized in *Commonwealth* v. *Ferreira, supra.* See *Commonwealth* v. *Libby, supra.* He equated proof beyond a reasonable doubt to a "moral certainty." He then gave examples of important private decisions. In the context of the entire charge, however, those examples were not offered as the precise equivalent of *both* proof beyond a reasonable doubt *and* proof to a moral certainty, as in the *Rembiszewski* and *Bonds* cases. Although that same language appeared in the *Rembiszewski* case, it preceded the juxtaposition of important private decisions and was modified by that discussion. Here, the forceful moral certainty language stands alone, divorced from and unaffected by the earlier analogy to important private decisions. The correct and forceful moral certainty language at the end of the instruction thus was spared infection from association with the examples of important private decisions, and retained its significance as a "saving grace[]." The instruction defined "proof to a moral certainty" as proof that "satisfie[s] the judgment, consciences and the intelligence of the jurors as reasonable persons," and "leaves in their minds . . . a clear and settled conviction of guilt." The moral certainty language comported with *Commonwealth* v. *Webster, supra,* and the charge as a whole adequately conveyed the concept of reasonable doubt. See *Holland* v. *United States, supra* at 140. See also *Commonwealth* v. *Libby, supra.* There was no error.

3. The defendant next contends that the Commonwealth's burden was unconstitutionally lowered by that portion of the judge's reasonable doubt instruction where he stated:

> "And if an unreasonable doubt or a mere possibility of innocence were sufficient to prevent a conviction, practically every criminal would be set free to prey upon the community. Such a rule would be wholly impractical and would break down the forces of law and order and make the vicious and lawless supreme."

We have long criticized such language as warning the jury against holding the Commonwealth to too high a burden of proof, see *Commonwealth* v. *Madeiros*, 255 Mass. 304 (1926), and as "invit[ing] the jurors' attention to the general conse-

quences of their verdict rather than to their obligation to decide the case on the evidence adduced at trial." *Commonwealth* v. *Sheline*, 391 Mass. 279, 295 (1984). See *Bumpus* v. *Gunter*, 452 F. Supp. 1060, 1064 (D. Mass. 1978) (*Madeiros* language, in context of other prejudicial instructions on burden of proof, constituted error).

The *Madeiros* language is not per se error. We look to the charge as a whole to determine whether the instruction lowered the Commonwealth's burden. See *Commonwealth* v. *Williams*, 378 Mass. 217, 234-235 (1979). We conclude that it did not. The instruction on presumption of innocence emphasized that "the defendant shall not be found guilty upon assumption, suspicion or conjecture, but only upon proof of his guilt *actually* produced in court" (emphasis added). It further stressed that "he is *entitled* to have a verdict of not guilty returned by the jury unless the evidence *actually convinces* them beyond a reasonable doubt that he is guilty" (emphasis added). The judge's concluding remarks on reasonable doubt returned to this point, stressing the duty to return a verdict of not guilty if the Commonwealth fails in its proof. The instruction on reasonable doubt also included a correct and forceful definition of moral certainty, previously discussed, that comported with the language of *Commonwealth* v. *Webster*, *supra*. We are satisfied that other language in the instruction offset the effect of the *Madeiros* language we have criticized, which was used here merely to illustrate the point that absolute certainty was not required. The instruction in its entirety adequately conveyed the concept of reasonable doubt to the jury. There was no error. See *Commonwealth* v. *Williams*, *supra*.

The order granting the defendant a new trial must be vacated.

*So ordered.*

APPENDIX.

The complete instructions on presumption of innocence and proof beyond a reasonable doubt, in this case, were as follows:

"The defendant accused in this case comes into court at the beginning of the trial fortified and buttressed by a very important fundamental and basic principal of law. It has to do with the so-called presumption of innocence.

"At the outset of the trial, before any evidence is adduced for your consideration, a defendant stands free of any semblance of culpability or blame.

"He stands at the bar before the introduction of any evidence presumed to be as innocent as would be any casual bystander who came into the courtroom from the street.

"The burden is on the Commonwealth to go forward with that evidence and prove him guilty and to prove all elements of the crime beyond a reasonable doubt.

"The presumption of innocence to which every defendant in a criminal case is entitled means that the defendant shall not be found guilty upon assumption, suspicion or conjecture, but only upon proof of his guilt actually produced in court.

"And, of course, that proof includes direct evidence and reasonable inferences drawn from that direct evidence and actual evidence as accepted by you.

"That is, being suspected, charged with a crime, arrested, held in custody, complained of, indicted, shall not be deemed evidence of a defendant's guilt and shall not put him in any unfavorable light before you, the jury.

"He need not present evidence of his innocence, but he may rest inactive and secure until the Commonwealth goes forward with evidence and proves him guilty. And he is entitled to have a verdict of not guilty returned by the jury unless the evidence actually convinces them beyond a reasonable doubt that he is guilty.

"The defendant, to summarize it briefly, is presumed to be innocent, and the burden is upon the Commonwealth.

"The Commonwealth must go forward with evidence and prove the defendant guilty beyond a reasonable doubt.

"Now, another great principle to which I direct your attention at this time relates to the burden of proof. To put it in every-day language, the responsibility or the obligation of the Commonwealth is to maintain its charge in the indictments.

"In a criminal case, the Commonwealth has the burden of proving the guilt of the defendant beyond a reasonable doubt in order to convict him.

"By proving a fact, we mean merely asking the jury believe it upon the evidence. The quality or degree of the proof is not determined by the volume of evidence or the number of witnesses. It is the weight and value of the evidence, its strength in inducing belief in the existence of the facts to be proved that is important.

"In a criminal case, in order to convict, the existence of a set of facts which under the law constitutes the defendant guilty of the crime must be proved not merely by the greater weight or preponderance of the evidence, but beyond a reasonable doubt.

"Proof beyond a reasonable doubt does not mean proof beyond all doubt, nor beyond a whimsical or fanciful doubt, nor proof beyond the mere possibility of innocence. It is rarely, if ever, possible to find a case so clear that there cannot be a possibility of innocence. And if an unreasonable doubt or a mere possibility of innocence were sufficient to prevent a conviction, practically every criminal would be set free to prey upon the community.

"Such a rule would be wholly impractical and would break down the force of law and order and make the vicious and lawless supreme.

"A reasonable doubt does not mean such doubt as may exist in the mind of a juror who is earnestly seeking for doubts or for any excuse to acquit a defendant, but it does mean such doubt as remains in the mind of a reasonable man who is earnestly seeking the truth.

"A fact is proved beyond a reasonable doubt when it is proved to a moral certainty, as distinguished from an absolute or mathematical certainty.

"I invite your attention to this very helpful illustration in the lives of all of us: We have, each of us, as mature people, made decisions of overwhelming importance to ourselves and our families. Such decisions as whether or not to marry or to choose the unmarried vocation, whether to submit to serious surgery or to continue with conservative medical treatment, whether to continue with a salaried career or to invest our savings and our life in our own business.

"Seldom can we be absolutely certain of the rightness of our decisions in such matters of greatest personal importance.

"However, the proof we demand of the rightness of our decision before we proceed is proof beyond a reasonable doubt. That is the serious burden which you impose in this case and in all criminal cases upon the Commonwealth, no more and no less.

"I need not remind you that courts after all are human institutions and maintained and operated by men possessed of the frailties and infirmities common to man. And if the Commonwealth were obliged to prove facts to an absolute or mathematical certainty, such proof would be impossible of achievement or attainment, because it lies only within the domain of science to obtain absolute certainty. Obviously, it would be impossible in the determination of human affairs in a courtroom to require any such degree of proof.

"So, the law is that a fact is proved beyond a reasonable doubt if it is proved to a moral certainty, when it is proved to a degree of certainty that satisfied the judgment, consciences and the intelligence of the jurors as reasonable persons and leaves in their minds, as reasonable persons, a clear and settled conviction of guilt.

"But if, when all is said and done, there remains in the minds of the jury any reasonable doubt of the existence of any fact which is essential to the guilt of the defendant on the particular charge, the defendant must have the benefit of that reasonable doubt and cannot be found guilty on the charge."