COMMONWEALTH *vs.* JEFFREY R. KELCOURSE.

Plymouth. February 8, 1989. — April 3, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Homicide. Practice, Criminal,* Dismissal, Indictment, Grand jury proceedings, Comment by prosecutor, Instructions to jury. *Grand Jury. Constitutional Law,* Grand jury. *Malice. Intent. Intoxication.*

No ground for dismissal of a first degree murder indictment was presented by a prosecutor's technically correct statement of law to the grand jury, where there was no indication of an intentional or reckless misstatement by the prosecutor; where the possibility that the jury might have drawn the wrong inference from the statement was speculative; and where the evidence overwhelmingly supported an indictment for murder in the first degree rather than a lesser offense. [467-469]

Despite certain "finding" language in the judge's instructions to the jury at a murder trial with regard to the defendant's voluntary intoxication, the judge's charge as a whole made it clear that the Commonwealth had the burden of proving the defendant's specific intent where specific intent was an element of malice. [469-470]

INDICTMENT found and returned in the Superior Court Department on January 12, 1987.

A motion to dismiss was heard by *George N. Hurd, Jr.,* J., and the case was tried before *George Jacobs,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Carol A. Donovan,* Committee for Public Counsel Services, for the defendant.

*Ann E. Rascati,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. Convicted of murder in the second degree on an indictment charging murder in the first degree, the defendant has appealed, raising two issues. We granted his application for direct appellate review. We affirm.

There was evidence before the grand jury and at trial that the defendant had been drinking alcoholic beverages shortly before he had a senseless argument with the victim, left and obtained his shotgun, unloaded it, then reloaded it, and shot the victim. No further facts concerning the commission of the crime are necessary to the presentation and resolution of the issues.

1. The defendant argues that the indictment should have been dismissed because, it is claimed, the prosecutor erroneously instructed the grand jury on a point of law. He makes no claim that the evidence before the grand jury was insufficient to support the indictment. See *Commonwealth* v. *McCarthy*, 385 Mass. 160, 163 (1982).

A police officer who had responded to the defendant's telephone call reporting that he had killed someone and later was present when the defendant made a highly inculpatory statement at the police station, testified before the grand jury. At the conclusion of his testimony, the prosecutor asked the jury if there were any more questions. The following then occurred:

THE JUROR: "Was Mr. Kelcourse given a breathalyzer test?"

THE WITNESS: "No."

THE JUROR: "There was no blood test to ascertain the level of alcohol?"

THE WITNESS: "No."

THE PROSECUTOR: "That really isn't relevant to a murder indictment. Anything else of this witness? Okay. Thank you."

The defendant moved to have the indictment dismissed on the ground that the prosecutor's statement impaired the integrity of the grand jury process. The motion was denied.

We start with the fact that the prosecutor's statement was technically correct. Whether a blood test had been conducted to ascertain the level of alcohol in the defendant's blood was not relevant to a murder indictment. No such test need be performed as a condition precedent to such an indictment.

The defendant argues that the jury reasonably could have inferred from the prosecutor's answer that evidence of the defendant's intoxication was not relevant to a murder indictment. He claims that his right under G. L. c. 277, § 79 (1986

ed.), to have the grand jury decide the degree of murder to be charged was impaired, as well as his right under art. 12 of the Massachusetts Declaration of Rights to a proper grand jury proceeding and his Fourteenth Amendment right to due process (cf. *Hicks* v. *Oklahoma*, 447 U.S. 343, 345-347 [1980]).

A prosecutor may advise a grand jury on the law "in appropriate instances." *Attorney Gen.* v. *Pelletier*, 240 Mass. 264, 307 (1922). In so doing, he may not express his own opinion, make arguments, or state facts which are not relevant to the guilt or innocence of the person under inquiry. *Id.* at 307-308. In presenting the law as well as the facts, he must "scrupulously refrain from words or conduct that will invade the province of the grand jury or tend to induce action other than that which the jurors in their uninfluenced judgment deem warranted on the evidence fairly presented before them." *Commonwealth* v. *Favulli*, 352 Mass. 95, 106 (1967). See *Commonwealth* v. *Mayfield*, 398 Mass. 615, 620-621 (1986).

The defendant has a heavy burden. In considering a claim that false or deceptive evidence was presented to a grand jury, we have said that a defendant must show that (1) the evidence was given to the grand jury knowingly or with reckless disregard for the truth and for the purpose of obtaining an indictment, and (2) that the evidence probably influenced the grand jury's determination to indict the defendant. *Id.* at 621. Inaccurate testimony given in good faith does not by itself require dismissal. *Id.* at 620. *Commonwealth* v. *Reddington*, 395 Mass. 315, 319-320 (1985). Compare *Commonwealth* v. *O'Dell*, 392 Mass. 445, 449 (1984) (grand jury process impaired by prosecutor's deliberately excising exculpatory portions of a statement) with *Commonwealth* v. *McGahee*, 393 Mass. 743, 747-748 (1985) (grand jury process not impaired by prosecutor's failure to inform grand jury of a witness's inability to identify defendant at probable cause hearing). See also *Commonwealth* v. *Petras*, 26 Mass. App. Ct. 483, 487-489 (1988), cert. denied,     U.S.      (1989) (109 S.Ct. 1537 [1989]); *Commonwealth* v. *Pond*, 24 Mass. App. Ct. 546, 552 (1987).

There is no indication of an intentional or reckless misstatement by the prosecutor. The possibility that the grand jury

might have drawn the wrong inference from a correct statement of law is speculative. It is most unlikely, in any event, that the grand jury would have decided to indict the defendant only for murder in the second degree if the prosecutor's remark had not been made. Even an assistant district attorney's misstatement of the law, suggesting that certain defendants had admitted in District Court proceedings that there was probable cause to believe that they had committed a crime, has not, in the circumstances, required dismissal of indictments. *Commonwealth* v. *Seminara*, 20 Mass. App. Ct. 789, 793-794 (1985). See *Morrissette* v. *Commonwealth*, 380 Mass. 197, 200 (1980). Here any chance that the grand jury would have decided differently was minimal where the evidence, including the defendant's confession to the police, overwhelmingly supported an indictment for murder in the first degree.

2. We reject the defendant's argument that he is entitled to a new trial on the ground that the judge misinstructed the jury on the consequences of the consumption of alcohol in relation to the proof of malice. His claim is that, although the judge properly instructed the jury on the relevance of voluntary intoxication to the existence of malice (see *Commonwealth* v. *Grey*, 399 Mass. 469, 470-471 [1987]), he should not have told the jury that they had to "find" that the defendant was intoxicated before they could consider evidence of his intoxication. The voluntary consumption of alcohol bears on the defendant's capacity to have a specific intent to do something. *Commonwealth* v. *Glass*, 401 Mass. 799, 809-810 (1988). *Commonwealth* v. *Sylvester*, 400 Mass. 334, 336 (1987). The Commonwealth, however, did not have to prove that the defendant was not intoxicated. See *Commonwealth* v. *Costello*, 392 Mass. 393, 405 (1984). Voluntary intoxication is merely "an evidentiary factor which the jury can consider" on questions of premeditation and malice. *Commonwealth* v. *Sylvester*, 400 Mass. 334, 338 (1987). *Commonwealth* v. *Sinnott*, 399 Mass. 863, 879-880 (1987).

Although there is "finding" language in the jury instructions (i.e., "if you find that he was voluntarily intoxicated"), the charge as a whole made it abundantly clear that the Common-

wealth had the burden of proving the defendant's specific intent where specific intent was an element of malice.[1] See *Commonwealth* v. *Sylvester, supra* at 337-338; *Commonwealth* v. *Sinnott, supra* at 880. The judge not only properly and repeatedly instructed on the burden of proof, he expressly told the jury "if I've used expressions in these instuctions such as 'If you find —' or 'If you decide —' or 'If it is determined —' or 'If it is proved —' I use such expressions always in the context of the prosecution having the burden of proof with respect to guilt beyond a reasonable doubt." There was not prejudicial error in the judge's charge.

*Judgment affirmed.*

---

[1] The judge charged in part as follows: "And as I've told you, the law is that a jury should consider evidence of mental impairment whenever the Commonwealth has the burden of proving the defendant's specific intent to cause a particular result. Therefore, you should consider whether the defendant's voluntary intoxication, if you find such, so overcame the defendant or so substantially reduced his mental capacity that he was incapable of forming the required specific intent to kill or do grievous bodily harm. If so, and if the Commonwealth has not proved beyond a reasonable doubt that the defendant acted with malice aforethought under the third standard I just recited to you, then you must find the defendant not guilty of second degree murder."

Later, he said: "Also, if you find that the Commonwealth has proved beyond a reasonable doubt that the defendant unlawfully killed Terence Thatcher, and that he had the required specific intent to kill or to do grievous bodily harm, the defendant's intoxication, if any, does not reduce his crime."