COMMONWEALTH *vs.* RONALD R. ROBERTS.

Middlesex. February 5, 1996. - June 20, 1996.

Present: WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Practice, Criminal,* Instructions to jury, Presumptions and burden of proof, New trial, Assistance of counsel. *Homicide. Intoxication.*

There was no error in a Superior Court judge's denial of a murder defendant's motion for a new trial brought on the ground that the trial judge used impermissible "finding" language in his charge to the jury, where the judge's instructions in their entirety stressed that the Commonwealth bore the burden of proof on each element of the crimes alleged. [18-19]

A defendant convicted of murder in the first degree did not demonstrate that his trial counsel rendered him ineffective assistance or that counsel's failure to impeach three prosecution witnesses deprived him of an otherwise available substantial ground of defense. [19-22]

INDICTMENTS found and returned in the Superior Court Department on May 12, 1976.

A motion for a new trial, filed on May 5, 1992, was heard by *Richard G. Stearns,* J., and an amended motion for a new trial, filed on July 7, 1994, was heard by *Katherine Liacos Izzo,* J.

Requests for leave to appeal were heard by *Wilkins,* J., and the appeals were ordered consolidated by him.

*John F. Palmer* for the defendant.

*Marguerite T. Grant,* Assistant District Attorney, for the Commonwealth.

*Dana Alan Curhan* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

ABRAMS, J. In 1976 the defendant, Ronald R. Roberts, was convicted of unarmed robbery and murder in the first degree. We affirmed the murder conviction. *Commonwealth*

v. *Roberts*, 378 Mass. 116, 130 (1979).[1] In 1992, Roberts filed a motion for a new trial, which was denied. A single justice of this court allowed Roberts' request for leave to appeal. G. L. c. 278, § 33E (1994 ed.). See *Trigones* v. *Attorney Gen.*, 420 Mass. 859 (1995). In 1994, the defendant filed an amended motion for a new trial before a second judge. That motion was denied. The single justice again allowed Roberts leave to appeal, and ordered the two appeals consolidated.

The facts of the case are detailed in *Roberts, supra.* At issue here is whether the motion judges erred in denying the defendant's motions for a new trial. Those motions allege: (1) the trial judge unconstitutionally shifted the burden of proof by using "if you find" language in the voluntary intoxication part of his jury charge, and (2) trial counsel provided ineffective assistance by failing to impeach three prosecution witnesses. We affirm the denial of the defendant's motions.

*Jury instructions on voluntary intoxication.* The defendant claims that the judge's charge regarding the effect of voluntary intoxication on the capacity to premeditate unconstitutionally placed on him the burden of proving absence of premeditation. The defendant did not object to the intoxication instruction at trial. His appeal was reviewed pursuant to G. L. c. 278, § 33E.

The judge charged the jury as follows: "Now, there was some testimony about drinking. And since this crime requires a specific state of mind and a specific intent and a specific mental process, it is up to you to decide if the defendant's brain was so addled with liquor that he was unable to form that specific intention or to go through that specific mental process and, if so, you could not find him guilty of first degree murder . . . *if you find* that the defendant was so intoxicated as to be unable to go through this mental process and reach this mental state, you would have to find that the Commonwealth had not proved murder in the first degree. . . ."[2]

---

[1] The trial judge, with Roberts' consent, placed the robbery conviction on file.

[2] During deliberations, the jury asked the judge to clarify "[h]ow . . . alcohol affect[s] the finding on degrees of murder." The judge reiterated essentially the same instruction: "You will recall one of the bases for a finding of murder in the first degree is murder committed with deliberately premeditated malice aforethought. And I read you the case that indicated that

The defendant argues that the italicized "if you find" language unconstitutionally shifted the burden of proof. He relies on *Commonwealth* v. *Nieves*, 394 Mass. 355 (1985). In that case, the judge instructed the jury that "to find sufficient facts to reduce in your mind this killing from murder to manslaughter, you would have to find that [the victim] provoked the Defendant." *Id.* at 361. We held that instruction unconstitutional because the "you have to find" language implied that a murder verdict was required unless the defendant affirmatively showed provocation. See *id.* at 362.

Here, the defendant asserts that the jury might have interpreted the "if you find" instruction as placing on him the burden of proving a lack of capacity to premeditate. We do not agree. The judge's instructions, read in their entirety, stressed that the Commonwealth bore the burden of proof on each element of the alleged crimes. See *Commonwealth* v. *Waite*, 422 Mass. 792 (1996) ("finding" language best left unused, but no reversible error where instructions emphasized Commonwealth's burden of proof beyond a reasonable doubt on every element of crime); *Commonwealth* v. *Mello*, 420 Mass. 375, 387-388 (1995) ("Although there was 'finding' language in the jury instruction, the charge as a whole clearly established that the Commonwealth had the burden to prove that the defendant had the specific intent to premeditate beyond a reasonable doubt"). The summations of the prosecutor and defense counsel also emphasized that the Commonwealth, not the defendant, bore the burden of proof. There was no error in denying the motion for a new trial on this ground.[3]

*Ineffective assistance.* "Once we have given a defendant convicted of murder in the first degree full review pursuant to

that required a specific intent and a specific sequence of mental processes. And *if you find* that the defendant was so under the influence as made it impossible for him to go through that mental sequence and to reach that state of mind, you would not be warranted in finding him guilty of first degree murder on that premeditation and deliberation."

[3]We note that the instruction given here is similar to instructions which we have previously approved. See *Commonwealth* v. *Bousquet*, 407 Mass. 854, 867 & n.7 (1990); *Commonwealth* v. *Kelcourse*, 404 Mass. 466, 469-470 (1989); *Commonwealth* v. *Shea*, 401 Mass. 731, 742-743 & n.7 (1988); *Commonwealth* v. *Sylvester*, 400 Mass. 334, 336-338 & n.4 (1987); *Commonwealth* v. *Lanoue*, 392 Mass. 583, 592 n.6 (1984), *S.C.*, 400 Mass. 1 (1987), and 409 Mass. 1 (1990). See also *Commonwealth* v. *Goudreau*, 422 Mass. 731, 735-736 (1996).

the obligations imposed by G. L. c. 278, § 33E . . . '[a]ny claim of ineffectiveness of counsel presented in a . . . motion for a new trial . . . [is tested by] applicable constitutional standards, State and Federal.' " *Commonwealth* v. *Haley*, 413 Mass. 770, 775 (1992), quoting *Commonwealth* v. *Wright*, 411 Mass. 678, 682 n.1 (1992). Therefore, to be entitled to appellate relief on his claim that trial counsel was ineffective, the defendant must show that there was "serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Haley, supra,* quoting *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). "Trial tactics which may appear questionable from the vantage point of hindsight, do not amount to ineffective assistance unless 'manifestly unreasonable' when undertaken." *Haley, supra* at 777-778, quoting *Commonwealth* v. *Sielicki*, 391 Mass. 377, 379 (1984). "Even if incompetency is found, the defendant must also show that he has likely been deprived of an 'otherwise available, substantial ground of defence.' " *Haley, supra* at 775, quoting *Saferian, supra.*

The defendant bases his claim of ineffective assistance on the failure of his attorney to impeach three prosecution witnesses. The first two, Janice Roberts and John Vega, testified that the defendant told them three or four times that he had killed the victim by a rifle shot which caused "his brains [to] blow all over the walls." The defendant, who testified at the trial, said that the murder had been committed by Joanne Gallagher, his girl friend, but that he falsely confessed to Janice and John in order to protect Gallagher.

Two years prior to the trial, Janice and John had been convicted of larceny from the person. G. L. c. 266, § 25 (*b*) (1994 ed.). They had been sentenced to six-month and one-year probations, respectively, on which they defaulted. They were both in default during the trial. The defendant claims that trial counsel's failure to impeach Janice and John with their probation violations constitutes ineffective assistance. We do not agree.

Although convictions within the time frames established by G. L. c. 233, § 21 (1994 ed.), may be used to impeach a witness's character for truthfulness, probation violations may not be so used. *Commonwealth* v. *Ford*, 397 Mass. 298, 300-301 (1986). Nevertheless, probation violations may be used

"to show bias on the part of the witness who might want to give false testimony to curry favor with the prosecution with respect to his case." *Commonwealth* v. *DiMuro*, 28 Mass. App. Ct. 223, 228 (1990). Accord *Commonwealth* v. *Henson*, 394 Mass. 584, 587 (1985). See P.J. Liacos, Massachusetts Evidence § 6.8.1 & n.2, at 291 (6th ed. 1994 & Supp. 1995).

However, in the absence of evidence "indicat[ing] the strong possibility that the witnesses were cooperating with the prosecution in exchange for leniency," *Commonwealth* v. *Schlieff*, 5 Mass. App. Ct. 665, 671-672 n.3 (1977), or that inducements had been offered or promises made, we cannot say that counsel's failure to attempt to show bias was "manifestly unreasonable." See *Commonwealth* v. *Daigle*, 379 Mass. 541, 545, 546 (1980) (counsel justifiably declined to press claim that witness exchanged testimony for leniency where "evidently no such arrangement existed"). Similarly, we reject the defendant's claim that counsel was derelict in not demonstrating John's bias through evidence that John might have been charged with statutory rape. G. L. c. 265, § 23 (1994 ed.). Counsel's failure to use Janice's and John's probation records also did not constitute ineffective assistance of counsel because the defendant admitted that he told John and Janice that he had killed the victim by a rifle shot.

The third witness, Radamus Colon, testified that the defendant told him that he was afraid, and when Colon asked why, the defendant replied that he had gone to the victim's house, that the victim had pulled out a rifle, that they "had a hassle with the gun," and that the gun went off. The defendant had denied that he told Colon anything other than that the victim had been shot.

The defendant now contends that trial counsel was seriously negligent in failing to impeach Colon with his two convictions of sale of a Class D controlled substance.[4] We do not agree. Defense counsel might well have concluded, as a matter of trial tactics, that attempting to impeach Colon would not aid the defendant because Colon's testimony was consistent with the defendant's statements to Janice and John. See *Commonwealth* v. *Moran*, 388 Mass. 655, 661 (1983) (citing cases in which failure to impeach witness with prior crim-

---

[4]Those convictions under G. L. c. 94C, § 32, inserted by St. 1971, c. 1071, § 1, were misdemeanors.

inal conviction ordinarily is not a denial of effective assistance of counsel).

We conclude that the defendant has failed to show that trial counsel behaved in a manner "falling measurably below that which might be expected from an ordinary fallible lawyer." *Haley, supra* at 775, quoting *Saferian, supra* at 96. We also conclude that the defendant has not shown that counsel's failure to impeach Janice, John, or Colon deprived him of an "otherwise available, substantial ground of defence." *Id.*

*Orders denying motions for a
new trial affirmed.*