On appeal from convictions of unarmed burglary and larceny over $250, the defendant, Stanley Johnson, argues that (1) the trial judge erred by sending the jury back to deliberate without their consent after two communications of deadlock, (2) the prosecutor's closing argument was prejudicial, and (3) defense counsel provided ineffective assistance of counsel. We affirm.
Background. In March, 2011, a safe containing $85,000 and personal belongings, as well as cash from another location in the residence, were stolen during a housebreak in Oak Bluffs. Johnson was indicted after he was identified by a cooperating codefendant.
The trial took place over six days beginning on October 9, 2012. There were fifty-one exhibits introduced at trial. After deliberating for approximately three and one-half hours, the jury sent the judge a communication indicating that they had "voted four times" and were "stuck." The judge conferred with the prosecutor and defense counsel and, without objection from either counsel, concluded that the jury had not yet engaged in due and thorough deliberation.[2] The judge provided the jury with supplemental instructions pursuant to Commonwealth v. O'Brien, 65 Mass. App. Ct. 291, 296-297 (2005), and directed the jury to resume their deliberations. Approximately one-half hour later in response to an inquiry from the judge about whether the jury wished to retire for the day or continue deliberating, the jury communicated to the judge that they were "deadlocked." The jurors were released for the day.
The following morning, the judge determined that the jury had engaged in "due and thorough deliberations" and the jury resumed their deliberations at approximately 9:15 A.M. , after the judge provided them with the Tuey-Rodriquez instruction.[3] The jury returned guilty verdicts at 10:21 A.M.
Discussion. 1. Jury deliberations. Johnson contends that the judge abused his discretion when he found that the jury had not engaged in due and thorough deliberations after being informed that the jury were "stuck." We discern no violation of G. L. c. 234, § 34, in the judge's instructions to the jury regarding their deliberations. Under the statute, a judge may not, without obtaining their consent, require a jury that have engaged in due and thorough deliberation to continue deliberations after they have twice expressed their inability to agree upon a verdict. The statutory consent requirement is not triggered until the jury first have engaged in due and thorough deliberations and then reached impasse on two occasions. "The decision as to when a jury's deliberations have been 'due and thorough' lies within the discretion of the judge ...." Commonwealth v. Carnes, 457 Mass. 812, 826 (2010).
Considering that the trial here involved a "fair amount of testimony and exhibits," and conflicting testimony, and the relatively brief time that the jury had deliberated up to their expression of being "stuck," the judge was within his discretion in determining that the deliberations were not "due and thorough" after only approximately three and one-half hours. See Commonwealth v. Valliere, 366 Mass. 479, 496 (1974) ; Commonwealth v. Semedo, 456 Mass. 1, 20-21 (2010).
Because the judge did not abuse his discretion in determining that the jury had not engaged in due and thorough deliberation when they informed the judge they were "stuck," this expression of impasse did not count for purposes of the statutory trigger. See Commonwealth v. Haley, 413 Mass. 770, 779 (1992).[4]
2. Closing argument. Johnson makes both preserved and unpreserved claims that the Commonwealth's closing argument caused prejudicial error or a miscarriage of justice requiring reversal of his convictions. "Remarks made during closing arguments are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Felder, 455 Mass. 359, 368 (2009).
Here defense counsel objected to three statements made during the Commonwealth's closing argument.[5] We review these claims for prejudicial error. Commonwealth v. Garcia, 75 Mass. App. Ct. 901, 901 (2009). Defense counsel objected to the prosecutor's characterization of the money found on Johnson at the time of his arrest as being consistent with the stolen money. The defense contends that the prosecutor's reference to the condition of the money as "pristine" improperly suggested that she knew more about the money than was presented as evidence. Additionally, Johnson argues that there was no evidence to support the prosecutor's remark, made during her closing argument, that Johnson was "broke."
Although prosecutors are not permitted to misstate the evidence or refer to facts not in evidence during closing arguments, Commonwealth v. Kozec, 399 Mass. 514, 516-517 (1987), they are entitled "to marshal the evidence and suggest inferences that the jury may draw from it." Commonwealth v. Roy, 464 Mass. 818, 829 (2013), quoting from Commonwealth v. Drayton, 386 Mass. 39, 52 (1982). Here, the prosecutor did just that. Evidence admitted at trial included photographs of the recovered portion of the stolen money and money found on Johnson at the time of his arrest. There was no error in the prosecutor drawing the jurors' attention to the "pristine" condition of the money recovered from Johnson and arguing that it was consistent with the stolen money, as it was a fair inference from the evidence. Similarly, the prosecutor's statement that Johnson was "broke" is a fair inference from Johnson's reporting that he was "unemployed." See Commonwealth v. Harris, 468 Mass. 429, 454 (2014). Taken with the judge's instruction to the jury that closing arguments by counsel are not evidence, we conclude that there was no error, let alone a prejudicial error.
Johnson also objected to the prosecutor's comment that "absolutely no evidence [has] been presented that [Johnson] was off working, doing fishing or chartering or anything of that nature." He argues that this comment resulted in burden shifting and, for the first time on appeal, that the curative instruction was inadequate.
Although the comment was improper, any chance of prejudicial error was avoided by the judge's forceful instruction issued to the jury immediately after the closing arguments. Here, the judge did all that was necessary to cure any possible error from the prosecutor's statement. The judge's curative instruction directly referenced the prosecutor's comment, and stated, inter alia, that the defendant has "no burden to produce any evidence whatsoever." The judge then told the jury to strike the prosecutor's remark from their memory. See Commonwealth v. Amran, 471 Mass. 354, 360 (2015).
As for the unpreserved claims of error, we review them to determine whether there was error, and if so, whether the error created "a substantial risk of a miscarriage of justice." Commonwealth v. Robinson, 444 Mass. 102, 105 (2005).
We find no error in the two remaining comments raised for the first time on appeal by Johnson. The prosecutor's statement that "[g]enerally, the angels, the teachers, the ministers or the rabbis, are not hanging around with people that are committing or doing things that are illegal" and her comment that witness testimony is "not a script" were not improper. These remarks were in response to defense counsel's attacks on the credibility of Commonwealth witnesses. By the "angel" comment, the prosecutor was acknowledging that the cooperating witness had credibility issues; it was not an attempt to impugn Johnson. See Commonwealth v. Silva, 455 Mass. 503, 515 (2009). Likewise, contrary to Johnson's contention, the prosecutor was not vouching when she pointed out how the testimony of two witnesses was similar and told the jury their testimony was not "scripted." Commonwealth v. Rakes, 478 Mass. 22, 40 (2017).
3. Ineffective assistance of counsel. In this direct appeal, Johnson raises the claim that his attorney provided ineffective assistance of counsel by not impeaching a Commonwealth witness with a certified copy of a prior conviction. "[T]he preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006). See Commonwealth v. Saferian, 366 Mass. 89, 90 n.1 (1974). "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002).
"In general, failure to impeach a witness does not prejudice the defendant or constitute ineffective assistance." Commonwealth v. Bart B., 424 Mass. 911, 916 (1997). "Impeachment of a witness is, by its very nature, fraught with a host of strategic considerations, to which we will ... show deference." Commonwealth v. Fisher, 433 Mass. 340, 357 (2001). As such, we reject the defendant's claim of ineffective assistance of counsel since the factual basis for the defendant's claim is not established indisputably on the record before us.
Judgments affirmed.

Defense counsel stated that "it's too early" for Tuey-Rodriquez.

See Commonwealth v. Tuey, 8 Cush. 1, 2-3 (1851) ; Commonwealth v. Rodriquez, 364 Mass. 87, 101-102 (1973).

In addition, the defendant also raises the principle that jurors may not be coerced into reaching a verdict. For essentially the same reasons that we decide there was no violation of the statute here, we see no violation of this principle.

The trial transcript includes a number of "inaudible" references, which makes it difficult to identify all the issues raised by the defendant after the prosecutor's closing. As appellant, it is the defendant's obligation to provide an adequate record for review. See Commonwealth v. Robicheau, 421 Mass. 176, 184 n.7 (1995).