NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-127

COMMONWEALTH

vs.

FRANCIS WATT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On November 14, 2013, a jury convicted the defendant of aggravated rape of a child and other charges, arising out of his rape and assault of his autistic and mute twelve year old granddaughter.  The defendant appealed, challenging the sufficiency of the evidence, and a panel of this court affirmed the convictions in an unpublished decision.  See Commonwealth v. Watt, 87 Mass. App. Ct. 1122 (2015).

The defendant filed a motion for new trial in 2016, which was denied without prejudice.  He filed a second motion for new trial in 2019 (second motion), arguing that he received ineffective assistance of counsel and that the prosecution failed to investigate potentially exculpatory evidence, which was denied on July 3, 2020.  He appealed from the order denying his second motion; that appeal was stayed to permit him to file

a third motion for new trial (third motion).  On May 17, 2021, the defendant filed his third motion, in which he focused on alleged shortcomings in the chain of custody of a video (with audio) made by his twenty-seven year old granddaughter (the victim's half-sister, Carrie[1]) that captured the misconduct giving rise to his convictions.[2]  On September 13, 2021, the third motion was denied, and on October 21, 2021, the defendant's subsequent motion for reconsideration was denied. On November 24, 2021, the defendant filed a status report, which was treated as a notice of appeal from the orders denying his third motion and his motion for reconsideration.  This court thereafter consolidated that appeal with the defendant's earlier appeal from the order denying his second motion.

On appeal, the defendant argues that his trial counsel was ineffective, that Carrie was acting as a government agent when she recorded the video, and that there was insufficient evidence to sustain the convictions.  We affirm.

---

[1] A pseudonym.

[2] Prior to trial, the defendant's motion to suppress the video made by Carrie was denied.  The defendant's interlocutory appeal was allowed, and on April 24, 2013, the Supreme Judicial Court affirmed the denial of the motion to suppress, rejecting the defendant's arguments that the video violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511(2)(d) (2006) (Federal wiretap statute).  Commonwealth v. F.W., 465 Mass. 1, 2 (2013).

2

Discussion. 1. Ineffective assistance of counsel. We review the defendant's ineffective assistance of counsel claim to determine whether "(1) the 'behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer' and (2) such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.'" Commonwealth v. Tavares, 491 Mass. 362, 365 (2023), quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "Where a new trial is sought based on a claim of ineffective assistance of counsel, the burden of proving ineffectiveness rests with the defendant." Commonwealth v. Kolenovic, 471 Mass. 664, 673 (2015), quoting Commonwealth v. Montez, 450 Mass. 736, 755 (2008). "If a defendant challenges the 'tactical or strategic decisions[]' of trial counsel, he must establish them as 'manifestly unreasonable.'" Commonwealth v. Shanley, 455 Mass. 752, 768 (2010), quoting Commonwealth v. Montanez, 410 Mass. 290, 295 (1991). We discern no "significant error of law or other abuse of discretion" in the judge's rejection of these claims. Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

First, based on a short answer to a question during an evidentiary hearing,[3] the defendant argues that counsel was ineffective for failing to argue that Carrie was a government agent when she set up the hidden camera. Because the defendant raised this claim for the first time in his third motion, it is waived. See Commonwealth v. Pisa, 384 Mass. 362, 366 (1981) ("Issues not raised at trial or pursued in available appellate proceedings are waived"); Mass. R. Crim. P. 30 (c) (2), as appearing in 435 Mass. 1501 (2001). Even if the issue were not waived, the defendant has failed to show either that counsel's performance fell below that of an ordinary fallible lawyer or that it deprived the defendant of a substantial ground of defense. The defendant has produced no evidence that Carrie was prompted by the police to set up the video, or that there was any reason for trial counsel to suspect that such prompting had occurred. See Commonwealth v. Brzezinski, 405 Mass. 401, 404-405 (1989) (fact that person speaks with police before taking action adverse to defendant does not create agency relationship); Commonwealth v. Rancourt, 399 Mass. 269, 274 (1987) ("An individual's actions will not be attributed to the State if no promises are made for that individual's help and if

_____

[3] Defense counsel asked Carrie, "[D]id you ever speak to the police about your concerns prior to making the video and audio tape?" She responded, "Yes, I did."

nothing was offered to or asked of that individual").[4]  Moreover,

testimony from both Carrie and the detective who met with her

established that there was no contact between Carrie and the

police when she recorded the defendant.

Second, the defendant argues that his counsel's failure to

retain an expert for trial to explain to the jury certain

behaviors of autistic children deprived him of effective

assistance of counsel.  Here, the defendant has offered no

affidavit from any expert setting forth the testimony or

theories on cross-examination that would have been pursued had

such an expert been retained.  See Commonwealth v. Alicea, 464

Mass. 837, 850-851 (2013) ("claim of ineffective assistance of

counsel for failure to call an expert witness is generally

doomed where '[t]he defendant's claim is not supported by any

affidavits' to disclose the content of the omitted expert

testimony" [citation omitted]).  In addition, trial counsel's

affidavit made clear that he made a valid tactical decision not

to pursue the testimony, which was not "manifestly unreasonable"

(citation omitted).  Commonwealth v. Roberts, 423 Mass. 17, 20

(1996).[5]  As trial counsel explained, he could and did elicit

_____

[4] The defendant also substantively raises the claim that Carrie
was acting as a government agent, which fails for similar
reasons.
[5] For the same reasons, the trial attorney's failure to seek to
obtain funds to obtain an expert witness did not amount to an
ineffective assistance of counsel.  Further, as the motion judge

5

such testimony on cross-examination of other witnesses, a strategy that avoided the risks that an expert witness could have highlighted for the jury the victim's autism and that the Commonwealth could have obtained favorable testimony on cross-examination.

Third, the defendant claims that there were defects in the chain of custody of the video and his trial counsel was ineffective for not challenging its authenticity. "Alleged defects in the chain of custody usually go to the weight of the evidence and not its admissibility." Commonwealth v. Viriyahiranpaiboon, 412 Mass. 224, 230 (1992). Further, authenticity can be established by testimony that the item is what its proponent represents it to be. Commonwealth v. Nardi, 452 Mass. 379, 396 (2008). There was ample testimony, at trial and at the motion to suppress hearing, as to how the video was created and how it came into police custody. And, most importantly, the defendant's trial counsel did challenge the admission of the video -- by filing a motion to suppress, a motion to reconsider the denial of the motion to suppress, and an interlocutory appeal to the Supreme Judicial Court. Commonwealth v. F.W., 465 Mass. 1, 2 (2013).

---

held, and the trial counsel's affidavit stated, the defendant privately funded his defense and was not eligible for court-approved funds.

6

2.  Sufficiency of the evidence.  The defendant raises a number of arguments claiming that there was insufficient evidence to support his convictions.  However, the defendant already challenged the sufficiency of the evidence in his direct appeal.  A panel of this court concluded that the "evidence was overwhelming" and affirmed his convictions.  Watt, 87 Mass. App. Ct. at 1122.  The claims raised by the defendant are precluded by direct estoppel.  Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005).

Conclusion.  The orders entered July 3, 2020, and September 13, 2021, denying the motions for new trial are affirmed.  The order entered October 21, 2021, denying the motion for reconsideration is affirmed.

So ordered.

By the Court (Henry,
   Desmond & Englander, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  June 27, 2023.

---

[6] The panelists are listed in order of seniority.