NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-413

COMMONWEALTH

vs.

LAMONT JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of five crimes, including aggravated rape and abuse of a child, and assault and battery by means of a dangerous weapon upon a child under the age of fourteen.[1] On appeal, the defendant argues that the judge abused his discretion in denying his motion for a new trial without an evidentiary hearing.[2] Without expressing any view of whether the defendant's motion for a new trial ultimately should be granted, we conclude that the defendant

---

[1] Specifically, the convictions were of three counts of aggravated rape and abuse of a child, in violation of G. L. c. 265, § 23A, and four counts of assault and battery by means of a dangerous weapon upon a child under the age of fourteen, in violation of G. L. c. 265, § 15A (c) (iv). The defendant was acquitted of five related charges.

[2] The appeal from the convictions was consolidated with the appeal from the denial of the defendant's motion for a new trial. On appeal, the defendant only challenges the denial of his motion for a new trial.

raised a substantial issue warranting an evidentiary hearing. We therefore vacate the order denying the motion for a new trial and remand the matter to the Superior Court for further proceedings consistent with this memorandum and order.

Background.  1.  The Commonwealth's case.  Two children, whom we call Shaun and Colin, testified that the defendant, at various times, abused them both sexually and physically when they were between the ages of seven and eight, when the defendant was living with Shaun and his family.  At the time of trial, Shaun was thirteen years old and Colin was twelve years old.

According to Shaun, after he broke a glass light protector in his sister's room, the defendant used a shard of the broken glass to cut Shaun's bare buttocks as punishment.  The defendant also hit Shaun in the same area with a stick.  At a different time, the defendant forced Shaun to perform oral sex on him while Shaun was kneeling on the floor and the defendant was sitting on the bed.  Shaun also testified that the defendant forced him to perform anal sex on the defendant.

Colin was a friend of Shaun who would come over to his apartment several times per week.  Colin testified that the defendant would sometimes punish Colin by hitting him on the bare buttocks with a stick.  Both Shaun and Colin stated that

2

the defendant forced Shaun and Colin to perform oral sex on one another.

In 2016, after Shaun's mother obtained a restraining order against the defendant and the defendant left the home, Shaun disclosed to his mother some of the abuse perpetrated by the defendant. However, when asked by the police, during the subsequent investigation in 2017, about being touched by the defendant, Shaun stated that he did not want to remember. No criminal charges were filed at that time. Colin testified that sometime between 2017 and 2019, after learning that the defendant was no longer living in Shaun's home, he disclosed the acts that the defendant had done to him.

Shaun also testified at trial that he had observed the defendant sexually abuse Erik[3], another child friend of his. Erik refused to participate in a forensic interview.

At trial, Dr. Stephanie Block, a research psychologist specializing in child abuse, testified as an expert for the Commonwealth. Dr. Block testified that children may disclose sexual abuse immediately, delayed, partially, or not at all.[4]

---

[3] A pseudonym.
[4] The Commonwealth filed a motion in limine to admit the testimony of Dr. Block. The Commonwealth proffered Dr. Block to assist the jury in understanding "[w]hy a child might delay in disclosing sexual abuse" when that might seem "discordant with common sense." The judge allowed the Commonwealth's motion.

3

Dr. Block testified that different factors affect a child's disclosure such as the age of the child, shame and embarrassment, consequences of their disclosure, relationship to the perpetrator, and whether the perpetrator has threatened the child. Dr. Block also educated the jury as to memory formation. She testified that when an event is traumatic, individuals may remember "central" details better than "peripheral" details. She explained that, during a stressful moment, a person will focus on what is centrally important to that person, at the potential cost of other details that one might otherwise expect them to remember. On cross-examination, Dr. Block conceded that children sometimes lie about being victims of childhood sexual assault.

2. The defendant's case. The defendant's trial counsel impeached Shaun by bringing the jury's attention to numerous discrepancies between Shaun's trial testimony and his prior statements. These inconsistencies included the number of times the defendant struck Shaun with the stick and cut him with glass, whether Shaun's mother was present during the incident, and the number of times Shaun claimed he and Colin were abused together. Trial counsel impeached Colin by pointing out several inconsistencies between his trial testimony and his prior statements. Additionally, Erik testified that the defendant

4

never sexually abused him and that he never saw the defendant abuse Shaun.

3. Closing arguments. In his summation, defense counsel argued that Shaun and Colin were lying. He pointed out their trial testimony's inconsistencies and how their version of events changed over time. Defense counsel suggested that the children may have lied to assist Shaun's mother in obtaining a restraining order against the defendant or for a reason that only Shaun and Colin know. Defense counsel never attempted to explain or put into context any of Dr. Block's testimony.

In her closing, the prosecutor argued that Dr. Block's testimony regarding traumatic memory formation could explain the inconsistencies in Shaun's testimony about the defendant cutting him with glass and regarding the anal sex. She asked the jury to consider Dr. Block's testimony that the important facts of the children's testimony were "central details" to them while others were not. The prosecutor also attempted to explain the children's failure to disclose details at their initial interviews by reminding the jury of Dr Block's testimony. She stated that in deciding the credibility of Shaun, they should utilize Dr. Block's testimony and "[l]ook at [the situation] through the lens of Dr. Block and what she told you about victims of child sexual assault and trauma. . . ."

4. _Motion for a new trial_. The defendant filed a motion for a new trial alleging that trial counsel's failure to file a motion for funds and failure to consult with an expert to counter the Commonwealth's expert constituted ineffective assistance. In support of his motion, the defendant submitted affidavits by trial counsel and Dr. Heather Price, an expert in memory and child sexual abuse.

Trial counsel averred that he did not file a motion for funds to hire an expert in the field of child sexual abuse disclosures to consult with, despite knowing that the Commonwealth intended on calling an expert in the field of child sexual abuse disclosures and memory. Trial counsel had reviewed a prior transcript of Dr. Block's testimony and her written publications, and based on this, trial counsel "did not believe that any expert would be able to credibly refute the general principles that Dr. Block was expected to testify to."

In her affidavit, Dr. Price averred that children do sometimes make false disclosures, that memories are prone to error, and that there are various factors that can lead to false disclosures and false memories. For example, a child may be pressured into making a false disclosure by suggestive questioning or internal motivations. She also noted there are documented cases where children have lied about abuse to "obtain secondary benefits or avoid unwanted contact with an adult."

6

Dr. Price opined that Dr. Block's trial testimony about traumatic memory was incomplete, in part because it did not reference the fact that stress sometimes will enhance memory and sometimes will impair memory. She also explained that not all children experience abuse as traumatic because the child may not understand the abuse at the time. She testified that "the abusive acts may [instead] be experienced as odd, confusing, or comfortable, but not traumatic."

The motion judge, who was also the trial judge, denied the defendant's motion for a new trial without an evidentiary hearing "because the defendant's motion fail[ed] to raise a substantial issue."

Discussion. "We review a judge's decision to deny a motion for a new trial without holding an evidentiary hearing for a significant error of law or other abuse of discretion" (quotation and citation omitted). Commonwealth v. Upton, 484 Mass. 155, 162 (2020). "We afford particular deference to a decision on a motion for a new trial based on claims of ineffective assistance where the motion judge was, as here, the trial judge". Commonwealth v. Martin, 467 Mass. 291, 316 (2014). "Although a defendant's motion and affidavits need not prove the issue raised, to be adequate they must at least contain sufficient credible information to cast doubt on the issue" (quotations and citation omitted). Commonwealth v. Lys,

7

481 Mass. 1, 5 (2018).  An evidentiary hearing should be conducted "where a substantial issue is raised and is supported by a substantial evidentiary showing."  Commonwealth v. Stewart, 383 Mass. 253, 260 (1981).  See Commonwealth v. Drayton, 473 Mass. 23, 36-38 (2015) (substantial issue raised regarding admission of witness's affidavit that directly contradicted incriminating testimony by purported eyewitness).

To prevail on a motion for a new trial based on a claim of ineffective assistance of counsel, the defendant bears the burden to show that the "behavior of counsel f[ell] measurably below that which might be expected from an ordinary fallible lawyer" and that such failing "likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  "Trial tactics which may appear questionable from the vantage point of hindsight, do not amount to ineffective assistance unless manifestly unreasonable when undertaken" (quotation and citation omitted).  Commonwealth v. Haley, 413 Mass. 770, 777-778 (1993). One situation where prejudice can be shown is where expert testimony "is necessary to rebut critical expert testimony relied upon by the Commonwealth."  Commonwealth v. Jacobs, 488 Mass. 597, 606 (2021), citing Commonwealth v. Millien, 474 Mass. 417, 429-434 (2016).

8

1.  Trial counsel's performance.  In this case, the judge found that there was no basis for finding that trial counsel's behavior fell measurably below that of an ordinary, fallible lawyer because:

> "The defendant's theory at trial was that the victims lied to help their mother retain custody of them.  Although ultimately unsuccessful as to some of the charges, this theory was plausible and was, in my view, the best theory of defense given the evidence.  The testimony or assistance of an expert would have done little, if anything, to aid defense counsel in advancing this theory."

The Commonwealth argues that trial counsel's failure to retain funds to hire an expert and his decision not to call an expert were "strategic decision[s]" because he "reasonably believed that [an] expert could not credibly refute the general principles to which he expected [the Commonwealth's expert] to testify."

We fail to see, upon the materials submitted with the motion for a new trial, how trial counsel's failure to investigate an expert who could refute the Commonwealth's expert could constitute a strategic decision.  "Defense counsel has a professional obligation to investigate all potential substantial defenses.  The extent of investigation required to explore each potential defense depends on the strength of that defense relative to the availability and strength of other potential defenses" (citations omitted).  Commonwealth v. Epps, 474 Mass. 743, 758 (2016).  Here, defense counsel's review of Dr. Block's

9

prior trial testimony and publications about disclosure seems to be an incomplete investigation. He lacked the subject matter expertise necessary to credibly conclude that Dr. Block's opinions could not be refuted, and not doing any type of investigation into a child sexual abuse expert could be behavior that falls below what would be expected from a reasonably prudent defense attorney.

Trial counsel's strategy was to challenge the credibility of the two child victims. He pointed out numerous inconsistencies between their trial testimony and prior statements. However, Dr. Block offered potential explanations as to why the children's memory issues did not necessarily suggest that they were lying. If Dr. Price had been called as a witness, the defendant would have been able to rebut with expert testimony the Commonwealth's argument regarding the credibility of the children.

We conclude that the defendant's motion for a new trial and accompanying affidavits demonstrated a substantial issue: whether trial counsel should have filed a motion for funds to find an expert to investigate Dr. Block's assertions regarding memory and child sexual abuse. Because his failure to file such a motion and consult with an expert could be manifestly unreasonable, an evidentiary hearing was required to gauge the

10

credibility of trial counsel's assertions and Dr. Price's potential testimony.

2. Prejudice to the defendant. Turning to the second prong of the Saferian test, we consider whether appellate counsel has supplied sufficient evidence for us to conclude that trial counsel's failure to seek funds to retain an expert witness prejudiced the defendant. "[W]here counsel was ineffective for failing to present an available ground of defense, that defense is 'substantial' for Saferian purposes where we have a serious doubt whether the jury verdict would have been the same had the defense been presented. The defendant need not prove that he or she would have been found not guilty if defense counsel had presented the jury with this ground of defense." Millien, 474 Mass. at 432-433.

Based on the affidavit of Dr. Price, the defendant could have challenged Dr. Block's expert opinion regarding childhood traumatic memory formation and rebutted the Commonwealth's multiple arguments as to why the children made inconsistent statements. The opinion testimony of a defense expert could potentially have influenced the jury's evaluation of whether the Commonwealth had shown that the children were telling the truth about the allegations. Although it is true that defense counsel did challenge the veracity of the children's testimony by pointing out inconsistencies, the judge, without hearing the

11

testimony of Dr. Price, could not have ascertained whether the defendant had met his burden of proving the second prong of Saferian.

We acknowledge that a judge has discretion in deciding whether to hold an evidentiary hearing.  See Commonwealth v. Meggs, 30 Mass. App. Ct. 111, 114 (1991).  A judge also has discretion in deciding whether to discredit affidavits submitted in support of a motion for a new trial.  Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015).  Although we express no view as to the ultimate outcome of the defendant's motion for a new trial, we conclude that an evidentiary hearing was required.  We accordingly vacate the order denying the defendant's motion for a new trial, and remand the matter to the Superior Court for proceedings consistent with this memorandum and order.

So ordered.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[5]),

Assistant Clerk

Entered:  February 1, 2024.

---

[5] The panelists are listed in order of seniority.

12